The Honorable Bynum Gibson State Representative 312 South Main Dermott, AR 71638
Dear Representative Gibson:
This is in response to your request for an opinion on two questions concerning Eudora City Ordinance No. 333. Specifically, you note that Ordinance 333 provides for the condemnation and removal of houses, and/or buildings constituting a nuisance. The ordinance provides for a lien on the property taxes if the owner does not comply with the ordinance. Your questions concerning this ordinance are as follows:
 1. Can the Chicot County Sheriff and Tax Collector collect the ad valorem taxes without collecting the lien that has been added if the owner refuses to pay?
 2. If the property sells, will the new owner be responsible for the lien if the former owner did not pay?
Ordinance No. 333 was adopted in accordance with A.C.A. 14-56-203, which provides:
 Cities of the first and second class shall have the power to order the removal or razing of, or to remove or raze, any buildings or houses that in the opinion of the council have become dilapidated, unsightly, unsafe, unsanitary, obnoxious, or detrimental to the public welfare and shall provide, by ordinance, the manner of removing and making these removals.
Act 80 of 1983 provided for a lien on the property and an enforcement mechanism for the statute above. It is codified at A.C.A. 14-54-904 (b), and provides that:
 (b)(1) In any situation in which a city of the first or second class issues an order for the removal or razing of a building or house under the provisions of 14-56-203, and such order is not complied with by the owner of the building or house and the city then removes or razes the building or house, a lien is granted and is given against the real property for the cost of the removal or razing. (2) The lien granted by this subsection shall also be enforced pursuant to the lien enforcement procedures set forth in subsection (a) of this section.
This provision is codified in a subchapter which gives municipalities power to order owners of real property to cut weeds, remove garbage, and to eliminate, fill up or remove stagnant pools of water. The subchapter provides for notice to the owner, and if the owner fails to comply with the order, then the city or town is authorized to correct the condition itself and charge the cost to the owner. The city or town is given a lien against the real property for the cost of the clean up.
The subchapter also contains procedures for enforcing this lien, and it is these enforcement procedures which have been made applicable to the lien created for failure to remove or raze a building or house under A.C.A. 14-56-203. The enforcement procedures are found at 14-54-904, which provides in pertinent part as follows:
 (a) The lien provided for in 14-54-903 may be enforced and collected in either one of the following manners:
 (1) At any time within eighteen (18) months after work has been done, by an action in the chancery court; or
 (2) The amount of the lien provided in 14-54-903 may be determined at a hearing before the governing body of the municipality . . . .
The determination of the governing body is subject to appeal by the property owner in the chancery court. The amount so determined at the hearing, plus ten percent (10%) penalty for collection, shall be certified by the governing body of the municipality to the tax collector of the county where the municipality is located, and placed by him on the tax books as delinquent taxes, and collected accordingly. The amount, less three percent (3%) thereof, when so collected shall be paid to the municipality by the county tax collector. [Emphasis added.]
The emphasized language above is also found in Ordinance 333. See Ordinance 333, 8(b). This language is relevant to your first question, which is whether the collector can collect the ad valorem taxes without collecting the lien. It is my opinion that the answer to this question is "no". The statute above provides that the lien is to be placed on the tax books "as delinquent taxes, and collected accordingly." Thus, the lien is to be treated exactly as delinquent taxes would be treated. It is my opinion that delinquent taxes must be paid before current ad valorem taxes are accepted. This conclusion follows from A.C.A.26-37-302 (Supp. 1989) which provides that:
 (a) In order to redeem, whether with the county collector or the Commissioner of State Lands, and in order to purchase at the Commissioner's sale, the redeemer/purchaser of tax-delinquent land shall pay all delinquent taxes. . . .
Until the land is redeemed, and before the land is transferred to the Land Commissioner, the county clerk holds the tax-delinquent land. A.C.A. 26-37-101 (b). If the taxes on land have become delinquent, the owner must pay all delinquent taxes to redeem from the county clerk, and cannot pay current taxes unless he has done so. If the land is not redeemed within two years, the land is transferred to the Land Commissioner for collection or sale. A.C.A. 26-37-101 (Supp. 1989).
It is my opinion that a similar conclusion applies to the lien created under Ordinance 333. According to the statutes, the lien is to be placed on the books as delinquent taxes and collected accordingly. Delinquent taxes must be paid before current taxes, and thus so must the lien created under A.C.A. 14-54-904 and Ordinance 333.
Your second question is whether the new owner will be responsible for the lien if the property and the former owner did not pay. It is my opinion that the answer to this question may depend upon the facts surrounding a particular sale. Because the lien is to be treated as delinquent taxes, it will, in my opinion, generally survive a sale by the owner to another private individual or entity. In this regard, A.C.A. 26-34-101 provides that "[t]axes assessed upon real and personal property shall bind them and be entitled to preference over all judgments, executions, encumbrances, or liens whensoever created." [Emphasis added.] Because delinquent taxes will "bind" the land, it is my opinion that generally they will survive a transfer. The same is thus true for the lien created by Ordinance 333. It should be noted, however, that the question of which owner is ultimately liable for the amount of the lien may, for instance, depend upon the contract of the parties and the provisions of any warranty deed conveyed. These considerations will have to be reviewed with the facts of each particular sale in mind.
It is my opinion, moreover, that if the land sells at a Commissioner's sale as provided for in A.C.A. 26-37-201 et seq. (Supp. 1989), the lien will be satisfied at the sale if the county collector has included the lien amount in his certification. See A.C.A. 26-37-205(a)(2), and then by the county collector to the municipality under A.C.A. 14-54-904 (a)(2). This is true because the lien amount is to be recorded as delinquent taxes, and "collected accordingly". This amount is therefore collected with, and as, delinquent taxes. If the collector does not certify the amount, then an argument may be available to the purchaser at the Commissioner's sale that the city is thereafter estopped from enforcing the lien. This issue may ultimately have to be decided by the courts. There are currently no cases addressing the matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.